# In the United States District Court for the Southern District of Georgia Brunswick Division

ALBERT V. MEDLIN,

Plaintiff,

v.

No. 2:15-CV-78

UNITED STATES OF AMERICA,

Defendant.

## ORDER

Before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction, dkt. no. 36. The Motion will be **GRANTED** for the reasons herein.

## FACTUAL BACKGROUND

### Medlin Is Disciplined By His Supervisors

Plaintiff Albert V. Medlin worked as a senior firearms instructor in the Firearms Division of the Federal Law Enforcement Training Center ("FLETC"). Dkt. No. 1-1 ¶ 2. FLETC is an agency within the United State Department of Homeland Security and "is actually a town unto itself with its own zip code . . . known as Glynco, GA." Id.; About Glynco, GA, Fed. Law Enforcement Training Ctrs.,

https://www.fletc.gov/about-glynco-ga (accessed Nov. 11, 2016).

The original defendant in this case, Walter Burns, was Medlin's branch chief. Dkt. No. 1-1 ¶ 4. Burns recommended Medlin's termination from federal employment on June 6, 2014. Id. ¶ 7. He did so because Medlin allegedly let his wife falsely indicate that the two of them had law-enforcement authority to take animals off of someone else's private property for the benefit of Medlin's grandchildren. Id. at 17. Burns deemed this to be conduct unbecoming a federal employee. Id. Burns' and Medlin's division chief, Scott Donovan (whom Medlin sued in a parallel proceeding ultimately consolidated with this one, No. 2:15-CV-123 (S.D. Ga.)), agreed and terminated Medlin from federal employment on August 29, 2014. Id. ¶ 8.

FLETC canceled Burns' recommendation and Donovan's decision on February 26, 2015. Id. ¶¶ 12-13. Medlin claims that it did so because they were based on false allegations. Id. ¶¶ 14-15.

On March 25, 2015, Burns proposed suspending Medlin for fourteen days without pay. Id. ¶ 17. Donovan suspended Medlin without pay for eighteen days on April 17, 2015. Id. ¶ 18. FLETC modified this suspension to fourteen calendar days on April 27, 2015, "because it unlawfully exceeded the

disciplinary penalty proposed by Burns' Suspension Proposal."
Id. ¶¶ 19-20.

**Medlin Sues His Supervisors and the United States Is Substituted**

Medlin sued Burns for libel, intentional infliction of emotional distress, and statutory violations relating to the disciplinary recommendations on May 27, 2015. See generally id. The case was removed to this Court on June 26, 2015. Dkt. No. 1. The United States moved to substitute itself for Burns on June 26, 2015. Dkt. No. 4.

While the parties were briefing that motion, the United States moved to dismiss the case for want of subject matter jurisdiction. Dkt. No. 10. Medlin responded by acknowledging that all of his claims hinged on the Court's substitution decision. Dkt. No. 23. He asked the Court to deny the motion as premature, given the ongoing substitution dispute. Id. at 4. He then conceded that "the United States has not waived sovereign immunity as to libel claims, and that, if [substitution] is granted, he cannot pursue his libel claim." Id. He likewise granted that in the event of substitution, "his emotional distress claim [would] also [be] barred" under binding Eleventh Circuit precedent. Id. at 4-5 (arguing "that the Eleventh Circuit's interpretation . . . is plainly wrong"

3

so as "to preserve the issue for appellate review"). Finally, he withdrew his statutory violation claim. Id. at 6-7.

Medlin's parallel case against Donovan, No. 2:15-CV-123 (S.D. Ga.), was consolidated with this one on February 19, 2016. Following a hearing on the substitution and dismissal motions, dkt. no. 29, the Court granted substitution on March 31, 2016. Dkt. No. 35. It denied the motion to dismiss with permission to refile in light of substitution. Id. at 13. The United States refiled its motion to dismiss the next day. Dkt. No. 36. To date, Medlin has not responded.

**LEGAL STANDARD**

The plaintiff bears the burden of establishing the court's subject matter jurisdiction. Ishler v. Internal Revenue, 237 F. App'x 394, 395 (11th Cir. 2007).

**DISCUSSION**

The Court lacks subject matter jurisdiction over Medlin's claims for libel and intentional infliction of emotional distress. The United States is immune from suit unless it unequivocally waives its sovereign immunity. United States v. Nordic Vill., Inc., 503 U.S. 30, 33 (1992). As Medlin concedes, the United States retains its sovereign immunity as to "[a]ny claim arising out of . . . libel." 28 U.S.C. § 2680(h); Dkt. No. 23 at 4; see also Pl.'s Resp. United States' Mot. Dismiss, Dkt. No. 9 at 3, Medlin v. Donovan, No. 2:15-CV-

123 (S.D. Ga. Sept. 14, 2015) ("Donovan Resp."). The Court thus lacks jurisdiction over Medlin's libel claims.

Medlin also concedes that his intentional infliction of emotional distress claim regarding Burns is barred by the Eleventh Circuit's read of 28 U.S.C. § 2680(h). Dkt. No. 23 at 4-5; Metz v. United States, 788 F.2d 1528, 1535 & n.9 (11th Cir. 1986) (barring intentional infliction of emotional distress claim because it was based on alleged libel); Dkt. No. 1-1 ¶¶ 42-47 (basing claim on alleged libel). The Court lacks jurisdiction over this claim.

Medlin does not surrender his intentional infliction of emotional distress claim regarding Donovan. Donovan Resp. at 3-4. He alleges that his claim is not based on libel because it "is not dependent on falsity," but rather, "Donovan's knowing and deliberate decision to find him guilty of uncharged conduct, because Donovan could find no evidence to support the charged misconduct." Id. at 3. This mischaracterizes Medlin's complaint:

> Donovan intentionally making the knowingly false factual findings of misconduct contained in his Removal Decision was extreme and outrageous conduct because [] Donovan terminated Medlin's employment for conduct of which he knew Medlin was not guilty; . . . .
>
> Donovan intentionally making the false factual findings of misconduct contained in his Suspension Decision was extreme and outrageous conduct because [] Donovan punished Medlin for conduct of which he knew Medlin was not guilty; . . . .

> Donovan's knowingly false factual findings of misconduct contained in his Removal Decision and his Suspension Decision intentionally caused Medlin to experience severe mental suffering, wounded feelings, humiliation, embarrassment and fear.
>
> Medlin's experiencing severe mental suffering, wounded feelings, humiliation, embarrassment and fear was the natural result of Donovan's Removal and Suspension Decisions intentionally containing factual findings of misconduct which both Donovan and Medlin knew to be untrue, and which jeopardized Medlin's employment.
>
> Despite FLETC modifying his unlawful penalty, Donovan did not change the knowingly false factual findings contained in his Suspension Decision, thereby intentionally continuing Medlin's severe mental suffering, wounded feelings, humiliation, embarrassment and fear.

Compl., Dkt. No. 1-1 ¶¶ 51-55, Medlin v. Donovan, No. 2:15-CV-123 (S.D. Ga. Aug. 27, 2015); see also id. ¶¶ 49-50, 72-75, 77-80.

The complaint only alleges additional wrongdoing (usually, right alongside falsity) to argue that Donovan acted outside the scope of his employment—a threshold consideration relating to sovereign immunity that is not part of the intentional infliction of emotional distress claim itself. Id. ¶¶ 63-64 (alleging that Donovan "considered uncharged misconduct, made knowingly false findings of misconduct on both charged and uncharged misconduct, and considered a prior offense"), 66 (same; also alleging that Donovan failed to consider Medlin's reply), 68 (alleging that Donovan "considered aggravating factors that he knew to be false and

6

knowingly refused to give any weight to mitigating factors."), 71 (alleging that Donovan failed to consider evidence). The alleged falsity of Donovan's statements—that is, their libelous character—is the meat of Medlin's claim. Other alleged wrongdoing is a light garnish. <u>Metz</u> thus bars the claim. 788 F.2d at 1535 & n.9.

Even if it did not, Medlin would be left trying to establish intentional infliction of emotional distress based on Donovan's considering improper factors and failing to fully review evidence. Such a claim would be dismissed sua sponte for failure to state a claim. <u>See</u> <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (affirming dismissal for failure to state a claim because "discharge for an improper reason does not constitute the egregious kind of conduct on which a claim of intentional infliction of emotional distress can be based.").

The Court lacks jurisdiction over Medlin's claims. The present motion must be granted.

## CONCLUSION

For the reasons above, the United States' Motion to Dismiss, dkt. no. 36, is **GRANTED**. Plaintiffs' case is **DISMISSED**. All pending motions in this case are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal.

⊃ 72A
ev. 8/82)

**SO ORDERED**, this 29th day of November, 2016.

/s/ Lisa Godbey Wood
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA